The Honorable Clark Hall State Representative 302 Elm Street Marvell, AR 72366
Dear Representative Hall:
I am writing in response to your request, on behalf of a constituent, for an opinion on whether a judge, prosecutor, and/or clerk have the discretion to enter a judgment against one surety company in connection with a defendant's failure to appear, but not to enter a judgment against another surety company in connection with another defendant's failure to appear. Specifically you have enclosed a copy of a letter from your constituent with your request and present the following question:
As I understand the question, we have two bonding co[mpanies], both have clients who did not show up for court. The judge, prosecutor or the clerk made a decision to enter a judgment against one bonding company surety bond, but not the other. The question arises does the judicial system allow wide discrimination latitude. By singling out one bonding co[mpany] and not all bonding co[mpanies] who's [sic] client does not show up for court.
The letter you have enclosed from your constituent phrases the question as being: "Does anybody have the power to make one surety pay and not the other surety on two different bonds?"
RESPONSE
As a member of the Executive Branch of government, I am not in a position, nor am I authorized, to second-guess the decisions of coordinate branches of government. The appropriate avenue of relief from a judicial decision is an appeal. For your information, however, I have set out the relevant statutes and one court rule regarding forfeitures of bond for failure to appear. I hope this information is useful to you and your constituent.
You have not stated whether the proceedings were in district or circuit court. Two different statutes address bonds in these respective courts. Arkansas Code Annotated 16-84-201 addresses the issue in district court. This statute provides in relevant part as follows:
 (a)(1)(A) If the defendant fails to appear for trial or judgment, or at any other time when his or her presence in district court may be lawfully required, or to surrender himself or herself in execution of the judgment, the district court may direct the fact to be entered on the minutes and shall promptly issue an order requiring the surety to appear, on a date set by the district court not more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.
 * * * (c)(1) If the defendant is surrendered or arrested, or good cause is shown for his or her failure to appear before judgment is entered against the surety, the district court shall exonerate a reasonable amount of the surety's liability under the bail bond.
 (2) However, if the surety causes the apprehension of the defendant or the defendant is apprehended within one hundred twenty (120) days from the date of receipt of written notification to the surety of the defendant's failure to appear, no judgment or forfeiture of bond may be entered against the surety, except as provided in subsection (e) of this section.
 (d) If after one hundred twenty (120) days, the defendant has not surrendered or been arrested, the bail bond or money deposited in lieu of bail may be forfeited without further notice or hearing.
 (e) If the defendant is located in another state and the location is known within one hundred twenty (120) days after the date of receipt of written notification to the surety of the defendant's failure to appear, the appropriate law enforcement officers shall cause the arrest of the defendant and the surety shall be liable for the cost of returning the defendant to the district court in an amount not to exceed the face value of the bail bond.
 (f)(1) In determining the extent of liability of the surety on a bond forfeiture, the court, without further notice or hearing, may take into consideration the expenses incurred by the surety in attempting to locate the defendant and may allow the surety credit for the expenses incurred.
 (2) To be considered by the court, information concerning expenses incurred in attempting to locate the defendant should be submitted to the court by the surety no later than the one-hundred-twentieth day after the date of receipt of written notification to the surety of the defendant's failure to appear.
(Emphasis added).
A different statute, A.C.A. § 16-84-207, provides a similar procedure in circuit court. It provides in relevant part that:
 (a) If a bail bond is granted by a judicial officer, it shall be conditioned on the defendant's appearing for trial, surrendering in execution of the judgment, or appearing at any other time when his or her presence in circuit court may be lawfully required under Rule 9.5 or Rule 9.6 of the Arkansas Rules of Criminal Procedure, or any other rule.
 (b)(1) If the defendant fails to appear at any time when the defendant's presence is required under subsection (a) of this section, the circuit court shall enter this fact by written order or docket entry, adjudge the bail bond of the defendant or the money deposited in lieu thereof to be forfeited, and issue a warrant for the arrest of the defendant.
(2) The circuit clerk shall:
 (A) Notify the sheriff and each surety on the bail bond that the defendant should be surrendered to the sheriff as required by the terms of the bail bond; and
 (B) Immediately issue a summons on each surety on the bail bond requiring the surety to personally appear on the date and time stated in the summons to show cause why judgment should not be rendered for the sum specified in the bail bond on account of the forfeiture.
 (c)(1)(A) If the defendant is apprehended and brought before the circuit court within seventy-five (75) days of the date notification is sent under subdivision (b)(2)(A) of this section, then no judgment of forfeiture may be entered against the surety.
 (B) The surety shall be liable for the cost of returning the defendant to the circuit court in an amount not to exceed the face amount of the bond.
 (2)(A) If the defendant is apprehended and brought before the circuit court after the seventy-five-day period under subdivision (c)(1) of this section, the circuit court may exonerate the amount of the surety's liability under the bail bond as the circuit court determines in its discretion and, if the surety does not object, enter judgment accordingly against the surety.
 (B) In determining the extent of liability of the surety on the bond, the circuit court may take into consideration the actions taken the expenses incurred by the surety to locate the defendant, the expenses incurred by law enforcement officers to locate and return the defendant, and any other factors the circuit court finds relevant.
 (3) The appropriate law enforcement agencies shall make every reasonable effort to apprehend the defendant.
 (d)(1) If the surety does not consent to the entry of judgment in the amount determined under subsection (c) of this section, or if the defendant has not surrendered or been brought into custody, then at the time of the show cause hearing unless continued to a subsequent time, the circuit court shall determine the surety's liability and enter judgment on the forfeited bond.
 (2) The circuit court may exercise its discretion in determining the amount of the judgment and may consider the factors listed in subsection (c) of this section.
 * * * (Emphasis added.)
The Rules mentioned in subsection (a) above (Rule 9.5 and 9.6 of the Arkansas Rules of Criminal Procedure), are promulgated by the Arkansas Supreme Court. The text of Rule 9.5 does not address the liability of the surety, but the Rule sets out a form to be used by the circuit court entitled "Order for Issuance of Arrest Warrant and Summons/Order for Surety to Appear." The form order provides as follows:
 On this ___ day of ___, 20___, comes on for consideration the oral motion of the State of Arkansas, by its Prosecuting Attorney for this County, requesting the forfeiture of the defendant's bail bond and issuance of an alias bench warrant for the immediate arrest of the defendant.
From the statements of the Prosecuting Attorney, a review of the records applicable to this case, and the applicable law, the Court finds that:
 (1) The defendant had been directed to appear before the Court on this date at ___ o'clock ___ .m. but failed to respond or to appear before the Court as directed.
 (2) The defendant has been released from custody, having caused a bail bond to be executed in favor of ___ County, Arkansas in the penal sum of $___, with said defendant as principal and ___ as surety thereon, which bond guaranteed the defendant's appearance on said date and on all dates as directed by the Court in these proceedings.
 (3) No reasonable excuse has been advanced to justify the defendant's failure to appear as directed.
THEREFORE, it is herein considered, ordered and adjudged that the Circuit Clerk be, and hereby is directed to promptly cause an alias bench warrant to be issued for the immediate arrest of the defendant, and to cause the warrant to be delivered to the Sheriff of this Court for service upon the defendant. Upon the apprehension or surrender of the defendant, the initial appearance (bail) bond shall be $___; and
IT IS FURTHER ORDERED that the Circuit Clerk be, and hereby is directed to promptly notify the surety (one or more) that the defendant should be surrendered to the Sheriff of this Court as required by the terms of the bail bond and notify the surety (one or more) to appear before the Circuit Court on the ___ day of ___, 20 ___, at ___ o'clock ___.m. to show cause why the full amount specified in the bail bond or the money, if any, deposited in lieu of bail should not be forfeited to ___ County.
If the surety (one or more) does not appear at the hearing scheduled by the Court, each surety on the bond shall be liable, jointly and severally, for payment of the amount forfeited. If the surety desires to be represented by an attorney, such attorney should appear at the hearing.
Entry of the Order of Forfeiture by the Court shall constitute a personal judgment against each surety on the bond, for which execution and other lawful process may issue.
The officer who is responsible for taking the bail bond is also ordered to appear before the Court on the date and at the time noted above, unless (1) the surety is a bail bondsman, or (2) the officer accepted cash in the amount of bail.
IT IS SO ORDERED on this ___ day of ___, 20 ___.
________, CIRCUIT JUDGE
________, CIRCUIT CLERK
BY: _______
Deputy Circuit Clerk
(Emphasis added.)
In my opinion the form promulgated by this rule must be read in conjunction with A.C.A. 16-84-207, when addressing the process in circuit court. See Arkansas Rules of Criminal Procedure 1.2, "Scope" (making these rules applicable in the Supreme Court and in the circuit courts); and State v. Lester, 343 Ark. 662, 38 S.W.3d 313 (2001) (acknowledging the potential applicability of both statutes and court rules and stating, in the case of a conflict, that the rules will control where their primary purpose and effectiveness would otherwise be compromised). See also State v. Sypult, 304 Ark. 5, 800 S.W.2d 402
(1990).
Again, in responding to your question, I cannot second-guess the orders of a court. I can only state that, as can be seen from the emphasized language of the statutes above, courts are invested with some discretion as to a surety's liability in the circumstances you describe. See A.C.A. § 16-84-201(c)(1) and (f)(1) and 16-84-207(c)(2)(A) and (d)(2).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General